IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-11-3718 |
| BNP PARIBAS SA; BNP PARIBAS | § | |
| NORTH AMERICA; BNP PARIBAS | § | |
| HOUSTON AGENCY; and JOVENAL | § | |
| MIRANDA CRUZ, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, the United States of America, brings this action against defendants, BNP Paribas SA, BNP Paribas North America, BNP Paribas Houston Agency (collectively, "BNPP defendants"), and Jovenal Miranda Cruz, under the False Claims Act (FCA), 31 U.S.C. § 3729, et seq. Pending before the court is the Motion for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b) by Defendants BNP Paribas, BNP Paribas North America, Inc., and BNP Paribas Houston Agency (Docket Entry No. 51). After carefully considering the pending motion, the United States' Opposition to Motion for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b) by Defendants BNP Paribas, BNP Paribas North America, Inc., and BNP Paribas Houston Agency (Docket Entry No. 54), and the Reply Memorandum of Law in Support of Motion for Certification Pursuant to 28 U.S.C. § 1292(b) by Defendants BNP Paribas, BNP Paribas

North America, Inc., and BNP Paribas Houston Agency (Docket Entry No. 58), the court concludes that the pending motion should be denied because the BNPP defendants have failed to carry their burden of showing that the issue they seek leave to appeal is either a controlling question of law or an issue of law that may materially advance the ultimate termination of the litigation.

## I. **Standard of Review**

Citing 28 U.S.C. § 1292(b), the BNPP defendants seek leave to appeal the Memorandum Opinion and Order (Docket Entry No. 46) issued on August 6, 2012, granting in part and denying in part their previously-filed Motion to Dismiss the Complaint (Docket Entry No. 22). Because this Memorandum Opinion and Order did not finally resolve a discrete issue in the pending litigation as is required for an order to be considered final, it is an interlocutory order from which there is no right to appeal. See Swint v. Chambers County Commission, 115 S.Ct. 1203, 1210 (1995). 28 U.S.C. § 1292(b) provides for interlocutory appeal when an order not otherwise appealable satisfies three distinct criteria: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. See Clark-Dietz and Associates-Engineers, Inc. v. Basic Construction Co., 702 F.2d 67, 69 (5th Cir. 1983). Because the policy of appellate jurisdiction disfavors piecemeal appeals, all three criteria must be met for a

court to grant a motion for interlocutory appeal. Id. ("Section 1292(b) appeals are exceptional."). See also Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007).

## II. Analysis

The BNPP defendants seek leave to appeal one issue that they argue satisfies the § 1292(b) requirements for interlocutory appeal, i.e., whether tolling pursuant to the Wartime Suspension of Limitations Act (WSLA), 18 U.S.C. § 3287, "is triggered by the conflicts in Afghanistan and Iraq and applies to civil cases involving conduct that took place in 2005."[1] Assuming without deciding that the issue the BNPP defendants seek leave to appeal is an issue of law about which there is substantial ground for difference of opinion, the court concludes that the BNPP defendants' request for leave to appeal pursuant to 28 U.S.C. § 1292(b) should be denied because this issue is neither a controlling issue of law, nor an issue that might materially advance the ultimate termination of the litigation.

According to the BNPP defendants, "[w]hether an issue of law is *controlling* generally hinges upon its potential to . . . 'speed up the litigation,'"[2] and whether an issue may materially advance

---

[1] Memorandum of Law in Support of Motion for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b) by Defendants BNP Paribas, BNP Paribas North America, Inc., and BNP Paribas Houston Agency, Docket Entry No. 51-6, pp. 2-3.

[2] Id. at 5 (quoting Ryan v. Flowserve, 444 F.Supp.2d 718, 723 (N.D. Tex. 2006)).

the ultimate termination of litigation hinges on its potential "to avoid a trial or otherwise substantially shorten the litigation."[3] Although the BNPP defendants do not argue that an immediate appeal will speed up the litigation, they do argue that a reversal of the court's WSLA tolling decision might materially advance the ultimate termination of the litigation because

> the government put forth two primary theories to save its otherwise-stale claims in this case: (i) WSLA tolling, and (ii) that it did not know and could not have known of the material facts underlying its claims. The Order held [that] WSLA tolling applied and held that the resolution of the second theory needed to await discovery.[4]

Because the court's denial of the BNPP defendants' motion to dismiss was not based solely on the court's conclusion that WSLA tolling applies, but also on the court's conclusion that the United States' complaint adequately raised the issue of tolling under the False Claims Act's statute of limitations, 31 U.S.C. § 3731(b)(2), an immediate appeal of the court's WSLA tolling decision neither promises to speed up the litigation, nor promises to materially advance the ultimate termination of the litigation. As the BNPP defendants recognize, "[i]f . . . this Court certifies an appeal and the Fifth Circuit holds that WSLA tolling is inapplicable, a trial in this action could be avoided [only] if BNPP is entitled to summary judgment on the government's second

---

[3] Id. at 8-9.

[4] Id. at 9 (quoting Memorandum Opinion and Order, Docket Entry No. 46, pp. 37-38).

tolling theory."[5]  Because the BNPP defendants acknowledge that even if the court were to grant the pending motion and the Fifth Circuit were to reverse the court's WSLA tolling decision, this litigation could terminate without a trial only if the BNPP defendants establish that the claims alleged in this action are not subject to tolling under the FCA, the court is not persuaded that the issue the BNPP defendants seek to appeal is either a controlling issue of law or an issue of law that may materially advance the ultimate termination of the litigation for purposes of 28 U.S.C. § 1292(b).  Accordingly, the Motion for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b) by Defendants BNP Paribas, BNP Paribas North America, Inc., and BNP Paribas Houston Agency (Docket Entry No. 51) is **DENIED**.

**SIGNED** at Houston, Texas, on this 4th day of October, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[5] Id.